FILED ENTERED
LODGED RECEIVED

DEC 08 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LYNN MANLEY CARGILE,<br>Defendant. | NO. CR21-5290 ~~RJB~~ RSM<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Angelica Williams, Assistant United States Attorney for said District, Defendant LYNN MANLEY CARGILE and Defendant's attorney, Michael Filipovic, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to *Felon in Possession of Firearms*, as charged in Count 1 of the Indictment, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty, *Felon in Possession of Firearms*, as charged in Count 1, are as follows:

*First,* the defendant knowingly possessed one or more firearms;

*Second*, the firearms had been shipped and transported in interstate and foreign commerce; and

*Third*, at the time the defendant possessed the firearms, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a. For the offense of *Felon in Possession of Firearms*, as charged in Count 1: A maximum term of imprisonment of up to ten (10) years, a fine of up to $ ~~250,00.00~~ 250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

On December 26, 2019, LYNN MANLEY CARGILE possessed both (1) a Smith and Wesson, model M&P15-22, .22 LR caliber rifle bearing serial number DFJ7209 and (2) a Black Rain Ordnance, model SPEC15, .223 REM caliber rifle bearing serial number SP002588. The Black Rain Ordnance had a barrel under 16 inches.

Battleground Police Department officers responded to CARGILE's residence, located in the Western District of Washington, in response to a 911 call from CARGILE's ex-wife. Upon arrival, investigators contacted CARGILE's ex-wife and mother, who both confirmed CARGILE was inside, had engaged in an argument with his ex-wife, and had access to firearms. Both confirmed seeing CARGILE in possession of firearms in recent days. CARGILE was non-responsive to law enforcement attempts to make contact, exiting the house after several hours.

After securing the residence, Battle Ground police detectives executed a search warrant. Investigators located the Smith & Wesson AR .22 caliber rifle underneath his mother's bed, in a rifle case also containing two operable silencers. A swastika marking was on the Smith & Wesson AR just above where the magazine would be inserted. A butt stock with the "SS" markings of the Nazis was also found with the Smith & Wesson rifle.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Investigators then searched CARGILE's room, finding the Black Rain Ordnance short-barreled AR rifle with a loaded magazine inserted into the magazine well in a dresser in CARGILE's closet. The rifle had an adjustable stock and a vertical foregrip, with a barrel measuring 7-1/8 inches. The same type ammunition inside the rifle was found in CARGILE's mother's room.

Following his arrest, investigators monitored CARGILE's phone calls and heard him make numerous attempts to get his mother and an ex-girlfriend to take responsibility for some firearms. CARGILE admits that the Smith & Wesson AR rifle, the Black Rain Ordnance Rifle, and both silencers belonged to him and not his ex-girlfriend and mother.

At the time CARGILE possessed the above-described firearms, Defendant knew that he had been convicted of at least the following crimes punishable by a term of imprisonment exceeding one year:

*Attempting to Elude a Pursuing Police Vehicle* – in Clark County Superior Court, Washington, under cause number 04-1-01012-8, sentenced to 13 months' imprisonment on or about August 23, 2004;

*Attempting to Elude a Pursuing Police Vehicle* – in Clark County Superior Court, Washington, under cause number 03-1-01350-1, sentenced to 14 months' imprisonment on or about October 23, 2003;

*Unlawful Possession of a Firearm in the Second Degree* – in Clark County Superior Court, Washington, under cause number 01-1-02022-6, sentenced to 12 months' and one day imprisonment on or about January 30, 2002; and

*Unlawful Possession of a Firearm in the Second Degree* – in Clark County Superior Court, Washington, under cause number 99-1-01614-9, sentenced to 12 months' and ¾ of a day imprisonment on or about November 19, 1999;

Defendant admits that the Smith & Wesson rifle and the Black Ordnance rifle had both been shipped or transported in interstate or foreign commerce prior to Defendant's possession of the firearms.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 18, pursuant to USSG § 2K2.1(a)(5) (possession of short-barreled rifle and two silencers, as described in 26 § USC 5845(a));

b. A two-level enhancement pursuant to USSG § 2K2.1(b)(1) (for possession of four (4) firearms)

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government will recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of 24 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense(s) of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

13. **Forfeiture.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all firearms and ammunition that were involved in the commission of Felon in Possession of Firearms, as charged in Count 1 of the Indictment, in violation of Title 18, United States Code,



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Sections 922(g)(1). This property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining firearms and ammunition not identified in this Plea Agreement if they were involved in the offense set forth in Count 1.

14. **Abandonment of Firearms and Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any firearms, firearm accessories, ammunition, or illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that property. The consent to abandonment includes, but is not limited to

a. a Smith and Wesson, model M&P15-22, .22 LR caliber rifle bearing serial number DFJ7209;

b. a Black Rain Ordnance, model SPEC15, .223 REM caliber rifle bearing serial number SP002588;

c. a cylindrical firearm silencer, black in color, made from a non-ferrous metal, with metallic tape around the exterior, measuring approximately 9-3/4 inches in total length, and approximately 2 inches in diameter, without a serial number or other identifying manufacturer marking, that silences, muffles or diminishes the report of a portable firearm; and,



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d. a cylindrical firearm silencer, black in color, made from a non-ferrous metal, measuring approximately 6 inches in total length, and approximately 1 inch in diameter, without a serial number or other identifying manufacturer marking, that silences, muffles or diminishes the report of a portable firearm.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining count(Count 2) in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 8th day of December, 2021.

LYNN MANLEY CARGILE
Defendant

CHRISTIAN IZAGUIRRE
Attorney for Defendant

for TODD GREENBERG
Assistant United States Attorney

for ANGELICA WILLIAMS
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970